ROSARIO AMADOR AMADOR, Appellant, *v.* THE REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1271. Submitted December 1, 1950.—Decided December 21, 1950.

*José Veray, Jr.,* for appellant. The Registrar appeared by brief.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

A deed executed on May 19, 1950 by the Marshal of the District Court of Aguadilla in favor of appellant Rosario Amador, of legal age and married to Diego G. González, was presented in the Registry of Property of Aguadilla for registration. By said deed the marshal, complying with an order issued by the District Court of Aguadilla, sold to Mrs. Amador a condominium in a rural property which is described in the deed.

The Registrar recorded the document stating the fact that the husband of the purchaser had not consented to the deed. From this note Mrs. Amador took the present appeal, citing the cases of *Giménez* v. *The Registrar*, 21 P.R.R. 314; *Peraza* v. *Registrar of Arecibo*, 30 P.R.R. 496, and *Sojo* v. *Registrar*, 35 P.R.R. 785.

We concede that in the cases invoked by appellant it was decided that purchase of conjugal property by the wife was valid and that the Registrar should not record with the curable defect of the husband's disagreement in the transaction. But in the more recent case of *Pérez* v. *Hawayeck*, 69 P.R.R. 46, we decided, after having examined the foregoing cases, that although the purchase without the husband's consent is not void it should be considered voidable at the instance of the husband or his heirs who should exercise their right within a reasonable term after becoming aware of the transaction. This doctrine was based mainly on the fact that the act of the wife in such case constitutes an undue intervention in the authority of the husband to manage the conjugal partnership. Since the transaction was voidable it was necessary to set forth said circumstance in the entry in order that it be known to any interested party. It was for that reason that we said in *Pérez* v. *Hawayeck*, *supra*, that although the Registrar should record without said curable defect, nevertheless, he should state the fact that the husband had not consented to the purchase

The note appealed from will be affirmed.